**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4196**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RODY LINDWOOD BOWDEN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:18-cr-00289-CCB-1)

Submitted:  March 30, 2021                                      Decided:  April 2, 2021

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robin M. Earnest, EARNEST ATTORNEY AT LAW, LLC, Riverdale, Maryland, for Appellant.  Christina Ann Hoffman, Zachary Augustus Myers, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rody Lindwood Bowden pled guilty, pursuant to a plea agreement, to sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), (b)(2), (c). The district court sentenced him to 264 months' imprisonment and lifetime supervised release. In announcing the terms of supervised release at sentencing, the court specified certain discretionary conditions of supervision. The court's written judgment, however, included 13 "standard" conditions of supervision not announced during the sentencing hearing. These standard conditions are those recommended by U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018), and included in the standard "Judgment in a Criminal Case" form.

On appeal,[1] Bowden contends that, in light of our decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), the discretionary standard conditions of supervised release included in the written judgment render that judgment inconsistent with the sentence orally pronounced by the district court at sentencing. The Government agrees that the district court erred in failing to orally pronounce or expressly incorporate by reference the standard conditions included in the written judgment. The Government moves for a limited remand to permit the district court to orally announce all discretionary

---

[1] Bowden's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for review. Because counsel subsequently filed a merits brief addressing Bowden's challenge to the supervised release conditions, we confine our review to the issues raised in that merits brief. *See Penson v. Ohio*, 488 U.S. 75, 80-81 (1988) (discussing *Anders* procedure); *United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (limiting appellate review to issues raised in opening brief).

supervised release conditions it imposes.  Bowden opposes the motion in part, arguing that a full resentencing, rather than a limited remand, is the appropriate remedy for *Rogers* error.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence.  *See id.* at 295-96. As the parties agree, the district court's exclusion of the standard conditions from its oral pronouncement was error, as "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either directly or through express incorporation by reference.  *Id.* at 296; *see id.* at 299-300.  Contrary to the Government's request for a limited remand, we recently clarified that the appropriate remedy for such *Rogers* error is to vacate the sentence and remand for a full resentencing.[2]  *See Singletary*, 984 F.3d at 346 & n.4.

Accordingly, we deny the Government's motion for a limited remand, vacate Bowden's sentence, and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] Bowden also argues that the district court did not sufficiently pronounce or incorporate by reference the discretionary conditions announced in abbreviated form by the court at sentencing.  The Government disputes this contention.  We need not determine at this juncture whether the district court's statements with respect to these conditions were sufficient to satisfy its pronouncement obligations under *Rogers*, as vacatur and resentencing are required in any event.  *See United States v. Singletary*, 984 F.3d 341, 346-47 (4th Cir. 2021) (declining to consider additional challenges to "now-vacated supervised-release sentence").